**JOSEPH SCHACHTER & COMPANY,**
Plaintiff-Appellant,

v.

**JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY,**
Defendant-Appellee.

No. 86–7295.

United States Court of Appeals, Second Circuit.

Argued Aug. 11, 1986.

Decided Aug. 20, 1986.

Thomas H. Sear, New York City (Spengler, Carlson, Gubar, Brodsky & Frischling, of counsel), for plaintiff-appellant.

Richard Lutz, New York City (Townley & Updike, of counsel), for defendant-appellee.

Before PRATT and MINER, Circuit Judges, and RE, Chief Judge of the United States Court of International Trade, sitting by designation.

## PER CURIAM:

Our decision in this case was originally rendered as a summary order pursuant to § 0.23 of the rules of this court. Counsel for the John Hancock Mutual Life Insurance Company ("John Hancock") subsequently requested that the summary order be converted to an opinion of the court, suggesting that it would serve a jurisprudential purpose in similar cases arising in the future. Accepting counsel's representation, the panel has agreed to re-issue this decision as an opinion of the court.

## BACKGROUND

Appellant, Joseph Schachter & Co., seeks to collect as beneficiary under a life insurance policy issued by John Hancock in the amount of $500,000 on the life of Jay Frankel. Frankel, a business associate of Schachter's, was found dead on November 3, 1982. John Hancock refused to pay, claiming that Frankel's death was a suicide committed within the two year incontestability clause of the policy.

Appellant made its *prima facie* case by establishing the existence of the insurance policy and John Hancock's nonpayment. John Hancock adduced evidence of extreme financial setbacks recently suffered by Frankel, and placed in evidence the facts surrounding Frankel's death, which were highly suggestive of suicide. For its part, appellant attempted to demonstrate that Frankel's death was the result of either homicide or an accident. The United States District Court for the Southern District of New York, Richard Owen, *Judge*, entered judgment on the jury's verdict for John

Hancock. On this appeal, appellant challenges several of the district court's charges and evidentiary rulings. Finding no merit to any of its contentions, we affirm.

## DISCUSSION

Appellant argues that the New York Court of Appeals intended for it to be "practically impossible" for an insurance company to succeed when invoking the suicide clause of a life insurance policy. *See Schelberger v. Eastern Savings Bank*, 60 N.Y.2d 506, 509, 470 N.Y.S.2d 548, 549, 458 N.E.2d 1225, 1226 (1983) (*citing Schelberger v. Eastern Savings Bank*, 93 A.D.2d 188, 197, 461 N.Y.S.2d 785, 790 (1st Dep't 1983)). Therefore, it contends that Judge Owen improperly charged the jury on New York's presumption against suicide by altering the language from the New York Pattern Jury Instructions approved by the court of appeals in *Schelberger*. That language provides, in pertinent part: "You may make a finding of suicide only if you are satisfied from the evidence, and taking into consideration the presumption against suicide, *that no conclusion other than suicide may reasonably be drawn.*" 60 N.Y.2d at 509, 470 N.Y.S.2d at 549, 458 N.E.2d at 1226. Judge Owen used the same language except for the final clause, for which he substituted *"that it was suicide and that no conclusion of accidental death may reasonably be drawn."*

■ According to appellant, the district judge's alteration mandated a verdict for John Hancock unless the jury believed the death to be accidental, whereas the *Schelberger* language would allow the jury to consider the additional possibilities of homicide and death by either natural or unknown causes. Although the *Schelberger* language did encompass these other possibilities, it does not follow that Judge Owen's change in the language of the charge was improper. There being no admissible evidence either of homicide or of death by natural or unknown causes in this case, there was no reason to allow the jury

to speculate on those points. In fact, the district judge's redaction of the language was needed to avoid confusing the jury after he had earlier charged that there was no issue of homicide in the case.

In a related vein, appellant maintains that it was improper to charge the jury that it could not consider homicide. However, while appellant raised the spectre of homicide in its opening statement, it presented no competent evidence to suggest that Frankel had in fact been killed. The only evidence appellant offered on this point, which suggested that Frankel had been involved with organized crime, was excluded on hearsay grounds. On the other hand, John Hancock presented testimony by the investigating detective that he had found no evidence of foul play.

■ The mere fact that John Hancock bore the burden of proof of establishing that Frankel's death was a suicide does not mean that the jury should have been allowed to speculate on all other possible causes of death. In these circumstances, the district judge correctly charged the jury that there was no issue of homicide in the case.

■ Appellant next contends that language in the appellate division's opinion in *Schelberger* recognizes an incompatibility between the preponderance of the evidence standard and the presumption against suicide. Appellant claims that the district judge therefore erred by placing the burden of proof on John Hancock to establish suicide by a preponderance of the credible evidence. This argument, however, overlooks the fact that both the appellate division and the court of appeals in *Schelberger* affirmed a trial court judgment entered after a jury charge that placed the burden on the insurance company to establish suicide by a preponderance of the credible evidence, rather than by clear and convincing evidence. Appellee's brief at 37 (quoting the trial court's jury charge). Moreover, the charge upheld in *Schelberger* was in keeping with similar charges previously upheld by the court of appeals. *See, e.g., Wellisch v. John Hancock Mutual Life Insurance Co.,* 293 N.Y. 178, 183, 56 N.E.2d 540, 542 (1944).

Appellant also attacks the district judge's decision to exclude a portion of the report by the police expert who investigated Frankel's death. Judge Owen allowed detective Lienau, a veteran New York City detective, to testify as an expert that there was "no foul play" involved in Frankel's death; however, on appellant's cross-examination of Lienau, the court excluded his conclusion that "the subject either jumped or fell to his death." Appellant's contention that this ruling was error is without merit.

■ Judge Owen admitted Lienau's testimony on the question of a possible homicide, believing it would assist the jury. *See* Fed.R.Evid. 702. Lienau testified outside the presence of the jury, however, that the "jumped or fell" language was meant to convey only that no foul play was involved. Lienau stated that he could express no opinion on whether the death was an accident or a suicide, since all he had concerned himself with was whether it was a homicide. Hence, he was not an expert on the question of whether the death was an accident or a suicide, and the conclusion of his report was properly excluded.

■ Finally, maintaining that John Hancock failed to introduce sufficient evidence of suicide, appellant urges that a verdict should have been directed in its favor. In light of the circumstantial evidence of suicide adduced below, this argument borders on the frivolous, and the district court properly allowed the question of whether John Hancock had established Frankel's suicide by a fair preponderance of the credible evidence to go to the jury.

The judgment of the district court is affirmed.